[a] 1 Chitty's Pl. 402.

CALLISON *versus* LITTLE.

Where there is a joint interest existing in a contract, and one of the parties dies, before action is commenced, such action must be brought in the name of the survivor; and a failure to set out in the declaration the contract, *as it existed*, and to shew the interest of the plaintiff *to be as survivor*, is error.

This was an action of assumpsit, instituted in the Circuit Court of Blount, by Little against Callison. The declaration showed the cause of action, to have been a reward offered by Callison for the arrest of one Brazille, who was charged with murder. On the trial, it was admitted by the plaintiff below, that one Queen, who was deceased, had had an equal interest in the reward, but no statement of this fact was disclosed in the declaration. The Court below instructed the jury, that if they believed Queen was dead, Little had brought the action properly. The jury rendered a verdict for the plaintiff, and the defendant having excepted to the above charge, took his writ of error to this Court.

HOPKINS, for Plaintiff—cited *Chitty's Pl.* 300—1 *Johns. Rep.* 34—1 *Saund.* 191, *note* 1.

McCLUNG, *contra.*

By Mr. Justice HITCHCOCK :

William Little brought an action of assumpsit, against John G. Callison, in the Circuit Court of Blount county, to recover the sum of one hundred dollars, it being the amount of a reward previously offered by said Callison, for the arrest of one William Brazille, who was charged in the advertisement with the crime of murder.

There are three counts in the declaration, in each of which, the plaintiff avers that he had arrested Brazille, at the request of Callison. Upon the trial, it was proved that Brazille was arrested by a constable, under a warrant from a justice of the peace, in a house in which Little was at the time of the arrest—that Little gave no aid in making the arrest—and the constable thought he was present for the purpose of assisting Brazille to make his escape. It was proved, that after the arrest was made, Little and one Queen, jointly claimed the reward, and each admitted their claim to it was equal and joint. Queen was also present at the time of the arrest. Brazille employed a lawyer, after the arrest, to defend him, and made his note, with Little as one of his securities, for the fee. Little also agreed with the lawyer, that if the reward could be recovered, it should be applied as partial payment of the note. It was admitted by Little on the trial, that if Queen were alive, he would have an equal and joint claim to the reward. There was proof of a common report, that Queen was dead. It does not appear from the declaration that Queen was to have had any part of the reward, and no men-

tion of him is made in the declaration ; but the whole reward is claimed by Little on his own account.

Several instructions were asked of the Court, which were refused : only one of which will be noticed—which is, that the Court was requested to instruct the jury, that if they believed from the evidence, that Queen, if alive, and Little, were jointly entitled to the reward, that Little was not entitled to recover. The Court refused this instruction, but instructed the jury, that if they believed Queen was dead, Little had brought the action properly.

There is no principle better settled in law, than that actions upon contracts, either express or implied, must be brought in the name of the party in whom the legal interest in such contract is vested ; and that where there is a joint interest, and one of the parties dies before suit is brought, the action must be in the name of the survivor—setting out the contract as it existed, and shewing the interest of the plaintiff to be as survivor ; and that the omission to state the case as it existed, may be taken advantage of, either by plea in abatement, or on the trial, for the variance between the declaration and the proof.[a]  <sup>[a] 1 Chitty, 4</sup>

In this case, it being admitted by the plaintiff below, that Queen was a joint owner of the debt, if it existed, the Court clearly erred in refusing the instruction asked for, and in giving the instruction it did.

The judgment must therefore be reversed.