(80 South. 142)

LAND TITLE GUARANTY CO. v. LYNCH-BURG FOUNDRY CO. (7 Div. 552.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. CONTRACTS ☞186(1) — BREACH — PERSONS ENTITLED TO SUE.

One not a party to or in privity with a contract cannot sue for its breach.

2. SUBSCRIPTIONS ☞21(4) — CONTRACT — BREACH—PLEADING.

Complaint in action to recover subscription paid for breach of subscription contract providing for the "locating and constructing in the city of A. a pipe-making plant in accordance with the contract between," etc., was demurrable, where it appeared thereby that the plant had been so located and constructed.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Assumpsit by the Land Title Guaranty Company against the Lynchburg Foundry Company. Demurrers to the several counts of the complaint sustained, and plaintiff appeals. Affirmed.

Rutherford Lapsley, of Anniston, for appellant.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

SAMFORD, J. The Chamber of Commerce of Anniston, Ala., and the Lynchburg Foundry Company entered into a contract whereby the foundry company agreed within a certain time, to erect and equip a certain kind of factory at Anniston, Ala., and the Chamber of Commerce on its part agreed to convey to the foundry company certain land and to pay to it $20,000 in money. On July 25, 1912, the plaintiff subscribed and paid to the foundry company $250 under the following agreement:

"In consideration of the Lynchburg Foundry Company locating and constructing in the city of Anniston, Ala., a pipe-making plant, in accordance with the contract between the said foundry company and the Anniston Commercial Club, the undersigned, each for himself, promise to pay said Lynchburg Foundry Company the amount set opposite his respective name, one-half of said amount to be paid upon the completion of the main building of said pipe-making plant, and the balance of said amount to be paid when said plant begins the manufacture of pipe at said plant."

There was a clause in the agreement between the Chamber of Commerce and the foundry company to the effect that—

"It is understood that the said foundry company shall operate said plant at Anniston when it is profitable to do so."

There were demurrers to the complaint raising the questions: First, as to the right of plaintiff to sue for a breach of the contract between the Chamber of Commerce and the foundry company; and, second, as to whether the complaint showed such a breach of contract as entitled plaintiff to sue.

[1] The plaintiff was not a party to or in privity with the contract made between the Chamber of Commerce and the Lynchburg Foundry Company, and hence he could not sue for its breach. Buck v. Carlisle, 98 Ala. 580, 13 South. 585; Morrow v. Wood, 56 Ala. 1; Callison v. Little, 2 Port. 89.

[2] The fifth count of the complaint, which declares on the subscription contract signed by the plaintiff, does not show a breach of the contract entitling plaintiff to sue. The subscription contract is the only contract with which plaintiff connects himself, and that only provides for the "locating and constructing in the city of Anniston, Alabama, a pipe-making plant, in accordance with the contract between the foundry company and the Anniston Commercial Club." This, by the complaint, was admittedly done. The demurrers to the several counts were properly sustained.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes