153 So.2d 612

**Thomas W. WATSON**

v.

**Rosa Lee MILLS.**

**4 Div. 107.**

Supreme Court of Alabama.

April 11, 1963.

Rehearing Denied May 30, 1963.

J. Hubert Farmer, Dothan, for appellant.

C. R. Lewis, Dothan, for appellee.

HARWOOD, Justice.

The appellant filed his bill seeking to quiet title to a certain lot located in the City of Dothan, Alabama. The court at first sustained the appellee's demurrer to the bill as amended, and upon appellant's motion dismissed the bill for purposes of appeal in order to meet the provisions of Sec. 755, Title 7, Code of Alabama 1940. This appeal is from the order dismissing the bill.

The allegation disclosed by the bill as finally amended shows that one Curley Harper originally owned the lot in question.

On 16 February 1954, Curley Harper and the appellee entered into an agreement whereby the appellee would assist Curley Harper to raise a sum of about five thousand dollars with which to pay one Hawk who apparently had a mortgage on the property. This agreement was that the appellee would join Curley Harper in the execution of a mortgage on the premises to secure the payment of the monies raised by appellee and Curley Harper, and that Curley Harper was to apply to the payment of any monthly payments on the mortgage, 80% of rent received by her from rental of the premises, the appellee to pay any deficiency in the monthly installments due on the mortgage out of her own funds. It was further provided that upon the obtaining of the money with which to pay off Hawk, Curley Harper would execute a warranty deed to the appellee, reserving a life estate to herself. This agreement also contains the following statement:

"WHEREAS, party of first part has been in ill health in recent years and has had no relative in Dothan to care for her, and party of second part has tended, nursed and cared for party of first part for many months without any pay from party of first part and has expended her own funds for the benefit of the party of first part and party of first part desires to reimburse party of second part and pay her, as best she can, for the services and help given party of first part by party of second part in recent years as aforesaid."

The bill further alleges that on 8 June 1956, Curley Harper executed her note in the amount of $4,987.63, payable to the Dothan Bank and Trust Company at the rate of $60.00 per month, which note was secured by a mortgage on the premises in question. The bill avers that although the signature of the appellee appears in the mortgage, she did not execute the note, and that the appellee was a married woman and her husband did not sign the mortgage, and that the name of appellee does not appear in the mortgage. The mortgage was made an exhibit to the bill, and we note that the mortgage, signed by both Curley Harper and the appellant, provides that:

"* * * in consideration of being indebted to The Dothan Bank and Trust Company *by bond or note of even date herewith,* due on the AS SHOWN BELOW, for Four Thousand Nine Hundred Eighty-Seven and 63/100, and in order to secure the payment of the same, together with all conditional amounts furnished *us* or either of us, by The Dothan Bank and Trust Company, or which *we* or either of us owe * * *."

The bill further avers that on 8 June 1956, (the same date as the mortgage) Curley Harper executed a warranty deed conveying the premises to appellee, but reserving a life estate in herself. This deed was filed for record on the day of its execution.

It is further averred that on 9 February 1959, Curley Harper granted the lot in question to appellant by warranty deed, subject to the mortgage of the Dothan Bank and Trust Company. This deed was recorded on 7 November 1960, which we note is one day after Curley Harper's death.

The bill also avers that on 24 August 1961, Curley Harper executed her last will

and testament in which all her property was bequeathed to the appellant. It appears this will was filed for probate on 24 August 1961, but had not been probated at the time of the proceedings below.

The bill avers that the deed given by Curley Harper to appellee was given upon the conditions set forth in the written agreement made between Curley Harper and appellee on 16 February 1954; that the appellee has not performed any of said conditions, and the deed given by Curley Harper to appellee should be set aside and cancelled of record.

■ The action of the lower court in dismissing appellant's bill was correct.

■ When a deed is inter partes, a stranger thereto cannot sue upon it. Douglass and Easton v. Branch Bank of Mobile, 19 Ala. 659. Stated in a more general way, the rule is that one not a party to, or in privity with a contract, cannot sue for its breach. Land Title Guaranty Co. v. Lynchburg Foundry Co., 16 Ala.App. 568, 80 So. 142; Alabama City G. and A. Ry. Co. v. Kyle, 202 Ala. 552, 81 So. 54; and a stranger to a contract can take no advantage of a breach of any condition of the contract. Foster v. Sykes, 23 Ala. 796.

■ The term "privity" denotes mutual or successive relationship to the same right of property. Bigelow v. Old Dominion Copper Mining and Smelting Co., 225 U. S. 111, 32 S.Ct. 641, 56 L.Ed. 1009.

It is obvious from the allegations of the bill that there was no privity between the appellant and either Curley Harper or the appellee on the date of the deed from Curley Harper to appellant.

The warranty deed from Curley Harper to the appellant dated 9 February 1959, purporting to convey the same lot that Curley Harper had previously conveyed to

the appellee on 8 June 1956, cannot avail appellant. Nor can the purported last will and testament of Curley Harper. Otherwise, a grantee's rights of property could be divested without his consent by later acts of his grantor. See Coles & Wife v. Allen, Preer and Illges, 64 Ala. 98; Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.