The trial court dismissed this action on the ground that it was barred by the doctrine of res judicata. The subject of the controversy is an easement for ingress and egress across appellants' land which was granted by a different trial judge in a previous action.
Appellants say that the principle of res judicata is inapplicable because (1) there was no showing that the appellees, Charles and Rose Scott, were successors of the parties who obtained the easement, and (2) the easement granted by the court in the earlier action was one of necessity and the necessity no longer exists. We affirm.
The facts are, essentially, as follows:
Appellants, James Levi Henderson and Mildred Henderson, were defendants in an action filed by Mike Kelley and L.J. Mitchell, wherein they sought and were granted an easement across the Hendersons' property. In that action, the court decreed "[t]hat plaintiff Mike Kelley, also known as Michael B. Kelley, has a right of ingress and egress . . . across the north end of the land of defendants Henderson. . . ." In that action, the Hendersons filed a motion for a new trial in which they alleged:
 "1. The essential issue in this case was whether or not an easement of necessity existed in favor of the Plaintiff Kelley and across the land of the Defendants. The decision of the Court rendered on August 19, 1980 affirmatively held such an easement existed and permanently enjoined Defendants.
 "2. Between the time of the trial of this case in the early part of 1980 and the rendition of the decision in the case, new facts and circumstances have arisen which directly affect the central issue in this case and warranting a new trial."
The trial court denied the Hendersons' motion for a new trial and the Hendersons filed an untimely appeal, which was dismissed by this Court. Henderson v. Kelley, 406 So.2d 402
(Ala. 1981) (unpublished order).
After this Court's dismissal of their appeal, the Hendersons filed the present action, in which they characterize the easement for ingress and egress granted by the trial court's order as one of "necessity," and in which they aver that the necessity no longer exists because the holders of the easement now have a public way abutting their lot and a driveway which gives them a way of ingress and egress to this public way. In their complaint, the Hendersons claimed that, because of these facts, the court-ordered easement was extinguished under the rule of law set forth in Oyler v. Gilliland, 382 So.2d 517
(Ala. 1980).
With the above-stated facts in mind, we now address the legal question: Was the Hendersons' action barred?
This Court recently restated the four tests which must be satisfied to determine if res judicata applies. In Waters v.Waters, 387 So.2d 838, 839 (Ala.Civ.App. 1980), the Court said:
 "(1) [T]he prior judgment must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both suits."
Both parties agree that the first two tests have been satisfied. The disagreement centers around the third and fourth tests.
The third test is that the parties, or those in privity, must be identical. We find that the third test is satisfied. Parties are considered identical when privity exists between a party in the original action and a party in any subsequent action. In the present case, the appellees are in privity *Page 842 
with Michael Kelley, the prior property owner who obtained the easement across the Hendersons' property.
In his decree, in this action, the trial judge found:
 "(1) That the Defendants, Charles Scott and Rose Scott, in this present cause of action are the successors in title to that parcel of property previously owned by Make Kelly [sic], one of the Plaintiffs in CV-80-5018.
 "(2) That the issues raised and the matters sought to be litigated in CV-81-5211 were before the Court and previously adjudicated by this Court in CV-80-5018."
This Court has said that "`privity' denotes mutual or successive relationship to the same right of property." Watsonv. Mills, 275 Ala. 176, 178, 153 So.2d 612 (1963). Because the Scotts are "successors in title" to Kelley, privity exists, and the third test is satisfied.
Finally, appellants claim that the present cause of action has never been litigated and that the principle of res judicata should not apply because the fourth test has not been satisfied. As is apparent from the court's order in the first case, the trial court granted a permanent way of ingress and egress across the Hendersons' property in that initial action between Kelley and the appellants. In the case now before the Court, the Hendersons claim that an easement of "necessity" was created by the first order. We find no indication in the record that the trial court intended to create an easement of necessity, but even if we agreed with the appellants that an easement of necessity was created by the first order, it is readily apparent that facts showing that the necessity for the easement no longer existed were known to the appellants during the first trial, because it was made a ground of their motion for a new trial. They failed to file a timely appeal in that action; therefore, they are estopped to relitigate those facts which were presented in that action.
In determining that the fourth test was satisfied, we have examined the record and we are convinced that the question of the necessity for the easement could have been litigated during the first trial. For example, the right-of-way deed for the public road (which appellants claim extinguished the easement by necessity) was granted to the City of Winfield on April 14,1980, and the trial court did not grant the easement untilAugust, 1980. Furthermore, it is quite apparent that appellants were claiming at the time of the filing of their motion for a new trial that the easement was one of necessity and that it had been extinguished.
Based on the foregoing, we find that the trial court did not err in applying the principle of res judicata to the facts of this case. The court's order dismissing the subsequent case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.