JONES, Justice.
This is an appeal from a judgment fixing a boundary line between two neighbors and denying relief under a prayer for reforma *752 tion of a deed. Plaintiff W.C. Parker claimed, by way of adverse possession, certain property adjoining his homeplace, which disputed property is also claimed by defendants Houston and Sandra Barkley. Parker also sought title to the disputed property by way of an alternative prayer for reformation of a 1953 deed from his predecessors in title to the Barkleys’ predecessors in title. The trial court granted partial relief with respect to the correction of an admitted error in the 1953 deed; granted a portion of the adverse possession claim; and denied all relief with respect to the deed-reformation claim. We affirm in part and reverse in part.
The facts relating to this dispute span a history of almost half a century; and we sympathize with the trial court in its efforts to unravel a rather convoluted web comprised of overly generalized legal descriptions and misdescriptions in several deeds, as well as the confusing and contradictory evidence bearing on the issues as framed and tried by the parties.
At the risk of oversimplification, we undertake a brief summary of the pertinent background facts. In the early 1940’s, the property now in dispute was part of a 10-acre tract owned by the Parker family (in the N ⅛ of the NE ⅛ of the NW Vi of Sec. 17). In 1953, Mrs. Dovie Parker (W.C. Parker’s mother), and her children and their spouses, conveyed to Hershel and Pearl Barkley (appellee Houston Barkley’s parents) the subject 10-acre tract less “one acre in the Northeast corner thereof.” Through subsequent conveyances, record title to this “one-acre” tract is now held by W.C. Parker.
Two errors (neither of which was apparent on the face of the deed) were readily apparent from the circumstances surrounding the conveyance of the 10 acres and the reservation of the “one acre” — those circumstances show an intent to preserve the Parker family homeplace as a residence for Mrs. Dovie Parker. First, the Parker family homeplace was located in the northwest corner of the subject tract, not in the northeast corner; and, second, “one acre” was substantially smaller than the area that would have been required to encompass the house, barn, garden, animal pens, and other outbuildings being used by the Parker family as part of the homeplace at the time of the conveyance.
For a period of about 14 years following the 1953 conveyance, Mrs. Parker (and certain of her children) lived in and used the Parker homeplace in the same manner and substantially to the same extent as the property had been used since 1943. In 1960, W.C. Parker and his now deceased wife, Kathleen, who had been living with the elderly Mrs. Parker, built their own house about 150 feet west of the old Parker house. (A drawing accompanies this opinion. That drawing depicts a 350-foot X 330-foot parcel in the NW corner of the NE ¼ of the NW Vi of Section 17. On that drawing, parcel C held the old Parker house, and parcel A held the 1960 Parker house.) The dispute arose about 1967, after the original grantees (Mr. and Mrs. Hershel Barkley) had conveyed a portion of the property to their son (appellee Houston Barkley), making the parties to this litigation coterminous landowners.
The trial court’s adjudication of the dispute, as reflected in its final judgment, carved out and awarded to plaintiff Parker a square acre (210 feet X 210 feet) in the NW corner of the NE ¾⅛ of the NW ¼ of Section 17 (thus correcting the error in the 1953 deed that had placed the reserved “acre” in the northeast corner) — that square acre is shown as parcels A and B on the drawing. The Court then described and awarded to plaintiff Parker an additional rectangular area 160 feet x 110 feet (on which the “old” Parker house is located) — that area is shown as parcel C on the drawing. Further, the judgment then “excepted” from its award to Parker the 30-foot strip running north and south between the one-acre tract and the 160-foot X 110-foot tract; thus, Parker was adjudged to own two separate tracts. In fact, however, the 30-foot dividing strip contains a substantial part of his private driveway, most of the “backyard” of the “old” homeplace, and a bam, all of which had been used continuously and exclusively by the Parker family for over 20 years.
*753 The issue presented is whether the trial court erred in rejecting Parker’s adverse possession claim to the entire tract of land 350 feet X 330 feet represented by the drawing accompanying this opinion and awarding him only the two separate tracts (A-B and C on the drawing), both of which lie within the 350-foot x 330-foot tract. The parties are in essential agreement as to the applicable law, both citing Tidwell v. Strickler, 457 So.2d 365 (Ala.1984), Parker stressing the “ore tenus presumption of correctness” rule and the Barkleys contending that the trial court erroneously applied the law tp undisputed facts.
As we understand the record, the trial court’s decree corrected the location of the “one acre” tract (as described in the 1953 deed); granted Parker the rectangular 160-foot X 110-foot plat, on which the “old” Parker house is located; and recognized that Parker owned a rectangular 60.6-foot X 170-foot strip in the southeast corner of the 330-foot X 350-foot tract (shown as parcel E on the drawing). The relief granted merely effected an agreement between the parties; that is to say, neither of the three pieces of property, as granted to Parker, or as recognized as Parker’s property by the judgment appealed from, was contested by the Barkleys. Indeed, the trial court’s “Judgment Amending Final Order” acknowledged that its original “judgment rendered [denying all relief] was, to the extent the same is modified herein, contrary to the evidence ... and specifically contrary to the stipulations made by the parties.” Thus, the trial court’s final judgment rejected Parker’s contested claims in their entirety.
Our study of the record convinces us that the judgment is due to be affirmed insofar as it denied Parker’s claim to any of the “contested” property lying south of the 210-foot X 210-foot parcel, i.e., to any of that portion identified as F on the drawing. (We note that the record indicates that plaintiff Parker’s ownership of that parcel labelled E on the drawing, through a series of conveyances, is not contested.) We cannot say that the record is totally devoid of any evidence to support this holding.
We find no evidence, however, to support the trial court’s judgment rejecting Parker’s claim to the 30-foot strip (identified as parcel D on the drawing and the southern portion of which, because of its “L” shape configuration, is 79.4 feet wide). The evidence is without dispute that at all times since the 1953 deed, Parker has remained in actual, hostile, open, notorious, exclusive, and continuous possession of that portion of the “contested” property labelled D on the drawing. Indeed, it is abundantly clear that Parker and his predecessors in title continued to use this 30-foot strip after the 1953 deed, believing that it was within the property excepted from that conveyance.
To deny Parker this 30-foot strip of land is to cut off his circular private driveway and to divest him of a substantial portion of an old, established access to and from the public road that runs along the north boundary of his property; to take from him a livestock and feed barn used by the Parker family for over 40 years; and to deny him the use of a substantial portion of the “backyard” of the “old” house.
Because of the heavy burden borne by one who claims title to real property by adverse possession, we are reluctant to reverse a judgment against an adverse possession claimant. Rogers v. Moore, 527 So.2d 122 (Ala.1988). Here, however, not only are all of the elements of Parker’s adverse possession claim to the 30-foot strip without dispute, but Parker’s open, hostile, notorious, exclusive, and continuous possession of the property that connects the two otherwise divided tracts was fully acquiesced in by the Barkleys’ predecessors in title longer than the requisite statutory period. Where the legal conclusion reached by the trial court is without supporting evidence, it cannot be permitted to stand. See Casey v. Jones, 410 So.2d 5 (Ala.1981).
The usages to which this 30-foot strip have been put during all of the time since the early 1940’s, and the fact that this strip divides and separates the properties on which the two Parker residences are located, when viewed in light of the whole of the evidence, speak to the palpably wrong *754 and unjust nature of that portion of the judgment denying Parker ownership of that parcel labelled D on the drawing.
For the sake of clarification, on remand of this cause, we direct the trial court to enter a judgment to include, in addition to the property described as plaintiff Parker’s property in the judgment appealed from, the following described property:
Begin at the northwest corner of the rectangular 160-foot X 110-foot tract on which the “old” Parker house is located; thence run west 30 feet, thence run south 210 feet; thence run east 79.4 feet; thence run north 50 feet; thence run west 49.4 feet; thence run north 160 feet to the point of beginning.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, SHORES, ADAMS and HOUSTON, JJ., concur.
APPENDIX
[[Image here]]