STEAGALL, Justice.
On July 8, 1988, Wanelle Cumens and Vernon Cumens filed a complaint for a temporary restraining order and an injunction against Paul Posey, seeking to enjoin him from interfering with or closing an alleged easement that crossed property owned by Mobile World Homes, Inc., and that provided sole access to real property owned by the Cumenses. Posey is the president and sole stockholder of Mobile World Homes. On that same date, the trial court entered a temporary restraining order that restrained Posey from closing, attempting to close, or otherwise interfering with a certain road on the property of Mobile World Homes, which allegedly provided the Cumenses with the only access to their land.
On July 14, 1988, Posey and Mobile World Homes filed an answer denying the allegations in the Cumenses’ complaint, and Mobile World Homes filed a counterclaim against Vernon Cumens, alleging trespass. On July 21, 1988, the Cumenses amended their complaint, adding Mobile World Homes as a defendant.
On January 24, 1989, the trial court extended the injunctive relief in order to preserve the status quo between the parties until a final judgment could be rendered.
*865 The case was tried before a jury on May 30, 1989. All issues raised by the evidence were submitted to the jury, including a boundary line question. The jury returned its verdict, finding the true boundary line between the parties to be that established by the Cumenses’ surveyor and the location of the Cumenses’ easement across the property of Mobile World Homes to be as alleged by the Cumenses. The jury found against Mobile World Homes in its counterclaim alleging trespass. The trial court entered a final judgment pursuant to the jury verdict, attaching the survey and ordering that the judgment and survey be recorded in the probate office.
On June 16, 1989, Posey and Mobile World Homes filed a motion for new trial. This motion was denied by operation of law on September 14, 1989, pursuant to Rule 59.1, A.R.Civ.P. From the denial of their motion for new trial, Posey and Mobile World Homes appeal.[1]
Posey and Mobile World Homes first argue that the trial court erred in submitting issues of fact and law to the jury for it to resolve a boundary line dispute and to determine the existence vel non of an easement providing access to the Cumenses’ property. That argument is not timely. Rule 51, A.R.Civ.P., reads as follows:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”
The record is devoid of any objection by Posey and Mobile World Homes to the court’s charge before the jury retired. Conversely, the record reflects that all parties agreed that the case would be submitted to the jury on all issues raised by the evidence. Posey and Mobile World Homes, therefore, are precluded from arguing as error the trial court’s submission of these issues of fact and law to the jury. See Gavin v. Hinrichs, 375 So.2d 1063 (Ala.1979).
Posey and Mobile World Homes next contend that the trial court erred by rendering a judgment determining a boundary line that affects a parcel owned by persons not made parties to the litigation. In support of this contention, they rely on Johnston v. White-Spunner, 342 So.2d 754 (Ala.1977), wherein we held that if an action affects the right, title, ownership, possession, or other interest in real property, then all parties possessing such an interest must be joined as parties to the action. “The basic principle underlying this joinder argument is that a court should not adjudicate an individual’s rights in his absence and without giving him the opportunity to be heard.” Moody v. Moody, 339 So.2d 1030, 1033 (Ala.Civ.App.1976), cert. denied, 339 So.2d 1035 (Ala.1976) (citations omitted). In Moody, the Court of Civil Appeals held that a judgment is not invalid and need not be set aside for nonjoinder when the interested person was present, testified, and exerted control over the litigation. 339 So.2d at 1034.
A review of the record reveals that the Cumenses hold title to an “L-shaped” parcel of property lying south and east of the property of Mobile World Homes. Property north of the Cumenses’ property and east of Mobile World Homes’ property is owned by Hollin and Judy Bell. The boundary line established between the Cu-menses’ property and that of Mobile World Homes also was the boundary line between Mobile World Homes property and the Bells. Although the Bells were not made parties to the litigation, the record indicates that both were present at the trial and testified as to the location of the boundary line. The jury’s verdict coincided with the Bells’ testimony.
We find no error on the part of the trial court and hold, in accordance with Moody, that this judgment is not invalid and need not be set aside for nonjoinder.
*866 The appellants’ third contention is that there is insufficient evidence to support a judgment determining a boundary line or the existence of an easement. A jury verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. Pate v. Sunset Funeral Home, 465 So.2d 347, 350 (Ala.1984).
The evidence at trial showed the following: Jack Loden, a registered land survey- or, testified for the Cumenses as to the location of the boundary line. Loden’s survey was based upon deeds held by Mobile World Homes, the Bells, and the Cumens-es. The Loden survey incorporated permanent monuments in locating the boundary line and the easement. W.E. Bachelor, also a registered land surveyor, testified for Posey and Mobile World Homes as to the location of the boundary line. The Loden survey located the disputed property line further west than did the Bachelor survey. Both surveys were introduced into evidence.
The Bells testified that the location of the boundary line was as described in the Loden survey. The Bells also testified as to the use of the roadway between the property of Mobile World Homes and that of the Bells and the Cumenses.
Vernon Cumens testified that his property is landlocked and that the only access to his property is the roadway across the Mobile World Homes property.
There was testimony that the roadway had at one time been located further east and that the road had been moved west over the years.
We find this evidence sufficient to support the verdict and the judgment thereon. The verdict and the judgment are not plainly erroneous or manifestly unjust.
Finally, Posey and Mobile World Homes contend that the court’s judgment determining the boundary line and the existence of an easement are not sufficient and reasonably certain and therefore are not in compliance with Ala.Code 1975, § 35-3-3. That statute reads, in pertinent part, as follows:
“The judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks .... ”
This Court, in Rogers v. Moore, 527 So.2d 122 (Ala.1988), citing Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246 (1956), stated:
“ ‘A decree establishing the location of a boundary line between the lands of coterminous owners must be reasonably certain within itself or by reference to the pleadings, evidence, or documents filed in the cause, and the decree must be so certain that the line may be located and marked by an officer of the Court who may be appointed to so mark the line without reference to extrinsic evidence or the use of his own discretion or by drawing his own conclusions as to any fact determinant of the true location of the line.
“ ‘Where the decree refers to a survey without more in undertaking to describe a boundary line, the decree is not sufficiently certain....’
[[Image here]]
“The judgment appealed from, however, does more than merely refer to a survey; it attaches the referenced survey, which describes the boundary line.... One experienced in such matters would have no difficulty in taking the description found in this judgment and locating the boundary line as found by the court.”
527 So.2d at 124 (emphasis original).
We find the trial court’s final judgment, which attaches the Loden survey, to be reasonably certain and in compliance with § 35-3-3. We, therefore, affirm that judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. The attorneys for Posey and Mobile World Homes on this appeal were not involved in the trial of this case.