202 So.2d 730

**J. W. WASH et al.**

**v.**

**Carlton HUNT.**

**8 Div. 247.**

Supreme Court of Alabama.

Sept. 14, 1967.

Morring, Giles, Watson & Willisson, Huntsville, for appellants.

Ford, Caldwell, Ford & Payne, Huntsville, for appellee.

HARWOOD, Justice.

Carlton Hunt owned a tract of land on Memorial Parkway in Huntsville. On 28 July 1958, he leased a portion of this land to E. M. Windsor and H. D. Ayers, partners doing business under the firm name of Huntsville Dry Wall Company, and to J. W. Wash, doing business as J. W. Wash Construction Company. The lease was for two years, at $150.00 per month, with a right of renewal for an additional two years at a rental of $200.00 per month.

The lease recited that the premises were to be used for storing materials, and the lessees were granted the right to erect suitable buildings for the purpose of storing materials and supplies to be used in construction work. The leased lot was to be used for no other purpose.

It was also agreed between the parties that the lessees should have the right to remove all buildings erected by them at the expiration of the lease, or the renewal thereof.

About two weeks after the execution of the lease, the lessees moved a building onto the lot. This structure is described by some witnesses as being a shed worth $800.00 to $1000.00, and by the lessees and their witnesses as being a substantial building which, as improved by the lessees, was worth $11,-500.00.

On 23 June 1960, the lessees notified Hunt in writing of their election to renew the lease under the provisions therein.

On 14 November 1960, the City of Huntsville and the County of Madison filed in the Probate Court a petition to condemn Hunt's land, Carlton Hunt being named as owner. On 22 February 1961, this petition was amended at the instance of the petitioners by adding the names of J. W. Wash, H. D. Ayers, and E. M. Windsor as additional defendants, the petitioners having been ad-

vised that a written lease existed between. Carlton Hunt and said Wash, Ayers, and Windsor, of a portion of the land. The court ordered that notice of the petition be given to the three above named parties requiring them to propound their claim or interest in said lands within 20 days from 22 February 1961.

Copies of the petition were duly served upon Wash, Ayers, and Windsor.

Neither of the three ever filed any claim in any of the condemnation proceedings.

Peyton Drake, W. L. Sanderson, and J. R. Barkley were duly appointed commissioners by the Probate Court to assess the compensation to which each of the defendants was entitled and report their findings in writing to the Probate Court.

The Commissioners thereafter filed their report fixing the value of the lands at $93,000.00.

After a hearing the Probate Court entered a judgment condemning the land and awarding the land to the City of Huntsville and Madison County, and divesting all right, title and interest out of the defendants. Compensation was fixed at $93,000.00.

On 25 May 1961, the City of Huntsville and Madison County gave notice of appeal to the Circuit Court from the judgment of the Probate Court.

The record shows that a copy of the notice of this appeal was served upon John W. Green, Jr., Attorney of Record for "all of the defendants."

A jury trial was demanded in the City-County notice of appeal.

Carlton Hunt also took a cross appeal from the judgment of the Probate. Court, though this appeal was belated.

The cause coming on for a hearing de novo in the Circuit Court, the court found that it was necessary to condemn the land for the purposes stated, and the evidence as to damages being submitted to a jury, compensation was fixed at $83,500.00.

It being shown to the court that $93,000.00, awarded as compensation in the Probate Court, had been deposited by the condemnors with the Judge of Probate, the court further ordered that the Probate Court pay to Carlton Hunt $83,500.00 less payment for any liens filed in that court, and the balance be paid over to the City of Huntsville and Madison County, and that a copy of the order be transmitted to the Probate Court.

Pursuant to such order, the Probate Court paid to Carlton Hunt $83,500.00 (there being no liens filed against the property in the Probate Court) and paid the balance of the $93,000.00 deposited in the Probate Court, that is, $9,500.00. to the City and County.

Thereafter, on 12 February 1964, J. W. Wash, doing business as J. W. Wash Construction Company and E. M. Windsor and H. D. Ayers, doing business as Huntsville Dry Wall Company, filed a complaint against Carlton Hunt. The complaint was in two counts. Count 1 is in code form for money had and received. Count 2 essentially sounds in money had and received, but recites that the defendant has received $83,500.00 for condemnation of certain lands owned by him, and that the defendant knew that the plaintiffs were entitled to share in the condemnation award to the extent of the value of a building located on said land to which the plaintiffs had a right of removal.

A jury trial resulted in a verdict and judgment for the defendant Hunt, and it is from this judgment that the present appeal is prosecuted.

In the trial of the present suit in the Circuit Court, the plaintiffs introduced the file of the condemnation proceedings in the Probate Court, including the written report of the Commissioners fixing the compensation to be paid for the land.

J. W. Wash testified that he knew of the condemnation proceedings of the Hunt property in the Probate Court from reading about it in the papers, and also had been

served with notice of the proceedings, and directed therein to claim any interest he had in the land. He had made no appearance, and had done nothing as he had a right to remove the building under his lease with Hunt.

He was later notified by the Huntsville-Madison County Airport Authority of the condemnation and the award made to Hunt as compensation, and in June 1961, he began paying rent to the Authority under an oral lease and continued in possession until September 1963. This was a year and two months longer than he could have stayed under the Hunt lease. He made no claim to the building to the Authority because he did not know he could not remove the building after the Authority had condemned the land. He thought they would move the building, and did not know they had to file a claim because of the lease.

While Mr. Wash testified he did not know of the appeal to the Circuit Court, the record shows that upon the appeal to the Circuit Court being taken by the City and County, notice of the appeal was served upon the then attorney of all the defendants. Wash and his co-lessees could have thereupon united in the appeal if they so desired. They did not join in the appeal. Harris v. Mobile Housing Board, 267 Ala. 147, 100 So.2d 719.

A jury trial of the money had and received suit resulted in a verdict and judgment for the defendant, and hence the present review.

■■ In an action for money had and received the burden is upon the plaintiff to show to the required degree that the defendant has in his possession money, which in good conscience and equity, belongs to the plaintiff. City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378. Therefore, the burden upon the plaintiffs in this action was to show to the reasonable satisfaction of the jury that Hunt received more than compensation for his own land, and that a part of the condemnation award

received by Hunt was for the leasehold interest in the condemned land belonging to the plaintiffs.

In the proceedings in the Probate Court, only Hunt appeared. Although given proper notice, the plaintiffs (appellants) did not see fit to present any claim in the Probate Court. Though served with notice of appeal to the Circuit Court, they took no action there to assert any claim.

In the trial in the Circuit Court in the present suit (for money had and received) the plaintiffs (appellants) introduced into evidence virtually all of the proceedings in the condemnation action in the Probate Court. This included the report of the Commissioners appointed to appraise the land.

In the present trial, the defendant Hunt offered as witnesses two of the Commissioners who, over the objections of the plaintiffs (appellants) were permitted to testify that in appraising the land they were instructed not to take into consideration the value of the building belonging to the plaintiffs (appellants), as said building did not belong to Hunt, the plaintiffs (appellants) having a right to remove the same under the terms of their lease with Hunt.

■ The appellants in this appeal now strenuously argue that in admitting the testimony of the two Commissioners, over their objections, that the value of the plaintiffs' building was not considered in arriving at the value of the Hunt land, the lower court erred to reversal.

In support of this contention, the appellants rely upon the doctrine of Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55, to the effect that in an appeal to the Circuit Court from a condemnation award in the Probate Court, the report of the Commissioners appointed by the Probate Court to assess compensation is not admissible evidence in the Circuit Court where the trial is de novo, for the jury has;

the duty to find the amount of just compensation due.

This doctrine is inapplicable in the present suit which is not a condemnation proceeding, but one for money had and received, i. e., did the defendant have monies in his hand as a result of the condemnation compensation paid to him which in equity and good conscience belonged to the plaintiffs.

The appellants themselves introduced into evidence the report of the Commissioners fixing the compensation in the Probate Court condemnation proceedings. It was clearly relevant and material in the present suit for money had and received whether any part of the sum fixed by the Commissioners included the value of the plaintiffs' (appellants') building, or only the value of Hunt's land, not including the plaintiffs' (appellants') building. The very issue of the present suit was whether Hunt had money which in equity and good conscience belonged to the plaintiffs. The court did not err in its rulings in the premises.

Seriously involved in this review is the question of waiver of their claim to compensation by the plaintiffs because of their laches in asserting their rights in the course of the condemnation proceedings. We note, however, that in the proceedings below the defendant pleaded waiver as a defense to plaintiffs' complaint. The lower court sustained the demurrer filed to this plea however, and the trial proceeded without waiver as an issue. We therefore do not consider the question of waiver.

Upon the basic question presented by the pleadings, the jury found that the appellee Hunt did not have in his possession monies belonging to the appellants. The evidence amply supports this verdict, and the judgment entered pursuant thereto.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.