322 So.2d 715

Crum FOSHEE

v.

GENERAL TELEPHONE COMPANY OF the SOUTHEAST, a corporation, et al.

SC 1316.

Supreme Court of Alabama.

Nov. 20, 1975.

Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Albrittons & Rankin, Andalusia, Lee & McInish, Dothan, Ward W. Wueste, Jr., Durham, N.C., for appellees.

Tipler, Fuller & Barnes, Andalusia, for appellant.

EMBRY, Justice.

Appeal from judgment dismissing a class action against General Telephone Company seeking recovery of alleged overcharges for telephone service. Appellants are telephone service subscribers of General Telephone, appellee here. The subscriber class is represented by Crum Foshee. We affirm.

The sole issue for decision is whether the subscribers could prove any set of facts in support of their claim which would enti-

tle them to relief under any cognizable theory of law. ARCP 12(b)(6).

On 30 October 1972 the Alabama Public Service Commission granted General Telephone a rate increase. The State of Alabama, the Governor and sixteen municipalities appealed from the order of the Commission. On 1 February 1974 the Montgomery County Circuit Court ruled that the APSC established rate was excessive by $208,924 because of errors made by the APSC in computing General Telephone's rate base. That court remanded the case to the APSC to enter an order establishing proper rates. That court also ruled it could not order a refund to subscribers for the excessive charges paid while the original APSC order was in effect. This court affirmed, *State v. Alabama Public Service Commission*, Ala., 307 So.2d 521 (1975), holding the APSC established rate was excessive but that no refund was due because no supersedeas bond was made and no statutory authority existed that would permit the court to order a refund.

Subsequently the subscribers brought this class action seeking to recover charges paid by them during the time the original APSC order was in effect in excess of the rates fixed by APSC on remand to it. The complaint alleged and plaintiffs argue here that cognizable theories of unjust enrichment, money had and received, or debt owed empower the courts to grant them relief on their claim. The trial court granted General Telephone's motion to dismiss.

We first note *this is not a rate case.* Nor is it a case seeking to recover monies paid for charges *in excess of rates established by the APSC.* This case is one in which recovery is sought of a portion of charges paid *under a rate schedule established by lawful order of the APSC.*

■ The essence of the theories of unjust enrichment or money had and received is that facts can be proved which show that defendant holds money which in equity and good conscience belongs to plaintiff or was improperly paid to the defendant because of mistake or fraud. *Wash v. Hunt*, 281 Ala. 368, 202 So.2d 730 (1967); *Birmingham Broadcasting Co. v. Bell*, 259 Ala. 656, 68 So.2d 314 (1953). The essence of the cause of action for debt is that facts can be proved which shows the defendant is obligated to pay the complainant a liquidated sum of money. *Drennen Motor Car Co. v. Evans*, 192 Ala. 150, 68 So. 303 (1915). Thus, in order to prevail under these theories of law, a plaintiff must show that the defendant is legally or equitably obligated to pay money to plaintiff.

■ Code of Ala., Tit. 48, §§ 104, 114, establishes that there can be but one lawful rate. Moreover under these statutes a regulated public utility can charge *only* the rate established by the APSC. Until the APSC on remand modified their rate schedule pursuant to order of the circuit court, General Telephone could charge and collect no other rate except that established by the APSC in its order of 30 October 1972. Hence it is clear that General Telephone is under no legal or equitable obligation to refund any money to their subscribers since it did only what it was required to do by statute.

■ It is clear that the subscribers could not prove any set of facts which would entitle them to relief on a claim for a refund of monies paid pursuant to a rate schedule established by a lawful order of the APSC. There is no common law or equitable remedy for the recovery of charges prescribed by an order of the APSC. *State v. Alabama Public Service Commission*, supra; *Adams v. Central of Georgia Railway*, 198 Ala. 433, 73 So. 650 (1916); Code of Ala., Tit. 48, § 124-25. The motion to dismiss was properly granted. ARCP 12(b)(6).

Affirmed.

BLOODWORTH, FAULKNER, JONES and ALMON, JJ., concur.