Plaintiff, Hancock-Hazlett General Construction Company, Inc. ("Hancock"), appeals from the dismissal of its complaint against defendants, Trane Company and Robert R. Williams, the district manager of Trane's sales office in Mobile, Alabama. We affirm.
Hancock was the general contractor on a condominium construction project. McCullough Mechanical Contractors was a subcontractor on this project for air conditioning work. Trane, under an agreement with McCullough, supplied McCullough with air conditioning equipment.
McCullough's subcontract with Hancock was in the amount of $437,669. McCullough presented invoices to Hancock in the amount of $95,000 for air conditioning equipment supplied to it by Trane, whereupon Hancock issued its bank check in that amount, made payable to both McCullough and Trane. McCullough indorsed this check and mailed it, together with copies of the invoices, to Trane. Trane indorsed the check and deposited it in Trane's bank account. At that time, McCullough owed Trane only $49,515.61, not $95,000. When this overpayment was discovered by Trane, it reimbursed McCullough by issuing a check in the amount of $45,484.39, the difference between Trane's invoices and $95,000.
Subsequently, McCullough defaulted on the construction job. The ensuing audits revealed discrepancies in the nature of overpayments. Specifically, it was discovered by Hancock that the $95,000 payment to McCullough and Trane was in fact an overpayment and that Trane had sent McCullough its check in the amount of the overpayment, viz., $45,484.39.
Hancock ultimately filed this action against Trane, Williams, and other fictitiously named defendants, alleging:
"COUNT ONE
". . . .
 "12. Hancock-Hazlett was never contacted by the Trane Company, Robert R. Williams, nor A, B, and C concerning overpayment by Hancock-Hazlett of monies due to the Trane Company as a result of the equipment and materials provided to McCullough Mechanical Contractors.
 "13. The sum of $45,484.39 was overpaid to the Trane Company by Hancock-Hazlett, and such refund to McCullough only was authorized by the defendants. Such overpayment was a mistake, and such sum remains due and owing to Hancock-Hazlett.
 "WHEREUPON, Hancock-Hazlett demands judgment against the defendant the Trane Company, Robert R. Williams, and A, B, and C in the sum of $45,484.39 plus interest since August 20, 1984.
"COUNT TWO
". . . .
 "15. The defendant, the Trane Company, received overpayment from Hancock-Hazlett on an account in the name of McCullough Mechanical Contractors in the sum of $45,484.39. The form of that payment was a joint check issued by Hancock-Hazlett made payable to McCullough Mechanical Contractors and the Trane Company.
 "16. Upon the discovery of the overpayment, the defendant, the Trane Company, Robert R. Williams and A, B, and C, owed a duty, and/or fiduciary obligation, to contact Hancock-Hazlett and determine the manner in which said overpayment was to be refunded.
 "17. The Trane Company, and A, B, and C, failed to contact Hancock-Hazlett concerning the manner in which said overpayment should be refunded, and in failing to do so, and by issuing a check *Page 1387 
made payable only to McCullough Mechanical Contractors, defendants, the Trane Company, Robert R. Williams, and A, B, and C, breached a duty and/or fiduciary obligation owed to Hancock-Hazlett, the insurer and payor of said funds to the Trane Company.
 "WHEREFORE, the plaintiff demands judgment against the defendants, the Trane Company, Robert R. Williams and A, B, and C, in the sum of $45,484.39 plus interest since August 20, 1984.
"COUNT THREE
". . . .
 "19. On August 20, 1984, Hancock-Hazlett issued a check made payable to McCullough Mechanical Contractors and the Trane Company in the sum of $95,000.00. By the Trane Company's acceptance of that negotiable instrument, and negotiation of the same, an implied contract was created to refund any overpayment to the payor, Hancock-Hazlett."
The trial court granted the defendants' motion to dismiss. This appeal followed.
It is axiomatic that a Rule 12(b)(6), Ala.R.Civ.P., motion is to be granted only when it appears beyond doubt that plaintiff can prove no set of facts entitling plaintiff to relief. SeeDempsey v. Denman, 442 So.2d 63, 65 (Ala. 1983), where it was stated:
 "Implicit in Conley [v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957),] and our cases is the requirement that the relief to which plaintiff may be entitled under a provable set of facts must be relief according to a cognizable theory of law. . . ."
Under this test, the question is whether plaintiff's complaint was so deficient as to be vulnerable to a Rule 12(b)(6) motion.
Count I is in the nature of a common count for money had and received or money due and owing from payment by mistake,i.e., unjust enrichment.
The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because of mistake or fraud.Foshee v. General Telephone Co. of the Southeast,295 Ala. 70, 322 So.2d 715 (1975); Wash v. Hunt, 281 Ala. 368, 202 So.2d 730 (1967).
Here, plaintiff's complaint affirmatively discloses that defendants do not hold any amount of money paid to them by mistake or otherwise. Quite the contrary, Trane retained only the sum of money actually owed to it by McCullough, and returned the overpayment to McCullough. Obviously, then, Trane has not been "unjustly enriched," as a matter of law, by retaining any money; it does not have in its possession any money belonging to Hancock. Trane retained only money covering the price of equipment it furnished McCullough.
In Count II, plaintiff alleged that, upon discovery of the overpayment, the defendants Trane and Williams owed either a duty or a fiduciary obligation to contact Hancock and "determine the manner in which said overpayment was to be refunded." Hancock does not argue the fiduciary obligation aspect of this allegation; therefore, we do not address it here. Insofar as the duty aspect is concerned, it would have arisen under the facts presented through either an express contract or a contract implied in fact. Neither of those theories is tenable under the facts alleged.
Of course, under these facts, there was no express contract between Trane and Hancock. Trane dealt with McCullough, not Hancock, when it furnished materials for the job. There is nothing alleged in the complaint leading to an inference that Trane contracted with both McCullough and Hancock when those materials were furnished by Trane. Thus, there was no privity of contract between Hancock and Trane. Watson v.Mills, 275 Ala. 176, 153 So.2d 612 (1963).
Apparently Hancock, nevertheless, contends that the manner of its joint payment to McCullough and Trane created a contract, *Page 1388 
express or implied, between Hancock and Trane to refund any overpayment to Hancock. Hancock argues in its brief that it sent with the $95,000 check a copy of its printed "remittance advice," under which the following statement was typed
in: "Pay Request # 5 Tops'l Racquet Club Material." At the bottom of this form was the following printed
statement: "DETACHED CHECK IS PAYMENT IN FULL OF ACCOUNT SHOWN ABOVE IF INCORRECT RETURN WITHOUT ALTERATIONS." This, argues Hancock, created an implied contract between Trane and Hancock when Trane received the check and this advice from Hancock.
However, the check itself was negotiable when Trane received it and it was payable to Trane alone after McCullough had indorsed it:
 "An instrument payable to the order of two or more persons
". . . .
 "(b) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."
Code of 1975, § 7-3-116. The language of the remittance slip did not alter the ownership or negotiability of the check itself. That language being informational only, it did not by itself create any contractual duty upon Trane. (SeeNorthwestern Nat'l Bank of Minneapolis v. Shuster,307 N.W.2d 767 (Minn. 1981) and Anderson v. Consolidated AutoWholesalers, Inc., 4 U.C.C.Rep.Serv. 205 (N.Y. 1967).) There are no other facts alleged suggesting the legal imposition of such a duty upon Trane. Indeed, Trane's contractual obligations ran to McCullough, and it appears from the complaint that any duty on the part of Trane to repay overage has been satisfied. The case of Freeman v. FirstState Bank of Albertville, 401 So.2d 11 (Ala. 1981), cited by plaintiff, is inapposite. In sum, under the facts as alleged, there is an absence of the elements required for a contract implied in fact, i.e., offer and acceptance. See Welborn v. Snider, 431 So.2d 1198 (Ala. 1983) (contract implied in fact requires same elements as an express contract, and normally arises where there is a bargained-for exchange).
What we have written with regard to Trane applies perforce to the claim against defendant Williams. It appears conceded in plaintiff's brief that at all pertinent times Williams was Trane's district manager and was acting for Trane in an agency capacity. Thus, from our analysis of the legal relationships between Hancock and Trane, we must conclude that Williams also was not liable to Hancock under any of the cognizable theories presented by the facts alleged.
Let the judgment of dismissal be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.