RICHARD L. HOLMES, Retired Appellate Judge.
AmSouth Bank, N.A. (Bank), filed suit against Harold E. Holland, Jr., d/b/a Holland Cars, Inc., an individual (Holland), and Holland’s Cars, Inc., a corporation (corporation). In its complaint, the Bank alleged that Holland failed to pay $59,000, plus interest, the amount due under a promissory note executed with the Bank on September 4, 1991. Holland answered and contended that because he signed the promissory note in a representative capacity for the corporation, he was not personally liable on the promissory note.
Both parties filed motions for summary judgment, with supporting documentation. After hearing arguments, the trial court issued an order, wherein it determined that Holland was not individually liable on the note and, thus, granted Holland’s motion for summary judgment. The trial court also granted the Bank’s motion for summary judgment as to the corporation and entered a judgment in favor of the Bank and against the corporation in the amount of $84,202.21 (principal of $59,000.00; interest of $14,-214.96; and attorney fees in the amount of $10,987.25). Final judgment was entered pursuant to Rule 54(b), A.R.Civ.P. The Bank’s post-judgment motion was denied.
The Bank appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal the Bank contends that the trial court erred when it granted the motion for summary judgment in favor of Holland, individually.
Rule 56(c), A.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a *153 judgment as a matter of law. The moving party has the burden of establishing that no genuine issue of a material fact exists. Burks v. Pickwick Hotel, 607 So.2d 187 (Ala.1992). All reasonable uncertainties concerning the existence of a genuine issue of a material fact must be resolved against the movant. Sadie v. Martin, 468 So.2d 162 (Ala.1985).
However, if the moving party makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Clay v. River Landing Corp., 601 So.2d 919 (Ala.1992).
In our review of the record, we note that the following pertinent facts are revealed: The Bank and Holland maintained a business relationship over a period of several years. In the summer of 1991, Holland had an installment loan and an executive line of credit, which were in serious default. In addition, Holland owed money to the Bank, which arose out of the settlement of a lawsuit between the Bank and Holland. All of the money owed to the Bank by Holland was owed in his individual capacity.
The Bank, by and through Monique Miller, agreed to restructure these existing debts through a 90-day note in the amount of $60,000. On September 4, 1991, Holland went to the Bank to sign the note. Miller had prepared the note with no typed signature line, and she was not at the Bank when Holland came to sign the note.
Miller stated in her affidavit that it was her understanding that the note would be signed by Holland in his individual capacity. Holland testified in his deposition that he had talked with Miller about signing the note in the name of a corporation which he was in the process of incorporating. Holland signed the note as follows:
“Holland Cars, Inc.”
“H.E. ‘Bubba’ Holland, Jr., Pres.”
In her affidavit Miller stated that she called Holland on either the afternoon of September 4, 1991, or the morning of September 5, 1991, regarding the fact that he had signed the note in the corporate name. Miller indicated that Holland told her that he needed the note to be in the name of the corporation and that she agreed to allow the note to be in that name if Holland would provide and/or execute certain documents, including a personal guaranty. Miller’s letter to Holland, dated September 5, 1991, listed the documentation which was enclosed and/or necessary for Holland to complete, sign, and return to Miller for processing.
Holland failed to execute the personal guaranty and the other security agreements requested by the Bank in the September 5, 1991, letter.
Even though she had not received the requested documents from Holland, including the executed personal guaranty, Miller drafted an in-house credit memorandum dated September 25, 1991, which applied $60,000, the entire proceeds of the note signed by Holland as a representative of the corporation, to the outstanding debts of Holland individually. As noted above, the outstanding individual debts of Holland included the installment loan, the executive line of credit, and the money owed to the Bank resulting from the settlement of a lawsuit between the Bank and Holland.
The Bank, in part, argues on appeal that Holland is individually liable on the note because when Holland signed the note as a representative of the corporation, the corporation did not exist.
Our review of the record reveals that Holland testified in his deposition that he told Miller that he wished to sign the note under the name of a corporation which he was in the process of incorporating. The articles of incorporation were filed with the probate judge of Jefferson County, Alabama, on September 11, 1991. The certificate of incorporation is dated September 11, 1991. By a resolution dated September 11, 1991, the corporation approved, adopted, and ratified, as an act of the corporation, the execution of the $60,000 note by Holland on September 4, 1991.
It is clear from the record that Miller, the Bank’s agent, was aware that Holland signed the note in a corporate capacity. Miller *154 agreed to allow the note to be in the corporate name if Holland would execute certain documents, including a personal guaranty. However, without having the executed personal guaranty in hand, Miller drafted a memorandum, applying the proceeds of the note executed in the corporate name to Holland’s individual debts.
To this court, the conduct of the parties in this case created a corporation by estoppel. A “corporation by estoppel” can be created between the parties by their agreements or their conduct, and such would estop the parties from later denying the existence of a corporation. Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 287 So.2d 851 (1970). In other words, the Bank cannot deny the existence of Holland’s Cars, Inc., as a corporation after the Bank dealt with it as a corporation. City of Orange Beach v. Perdido Pass Developers, Inc., 631 So.2d 850 (Ala.1993).
In its second issue, the Bank contends that Holland is liable as the alter ego of the corporation because Holland’s gross misuse of the corporate entity resulted in harm to the Bank.
However, as previously noted, Miller was aware that Holland had signed the note in his representative capacity for the corporation and that the note was an attempt to restructure Holland’s individual debts with the Bank. Miller admitted in her affidavit that she agreed to allow the note to be in the corporate name if certain documentation was provided. Then, without having the requested documentation in hand, Miller drafted a memorandum, wherein the proceeds from the note signed by Holland in his capacity as a corporate representative were applied to Holland’s individual debts.
The Bank did not have to agree to allow the note to be in the corporate name. In addition, the Bank was the party in this case that controlled when and how the proceeds of the note were applied to the existing debts of Holland, individually. The Bank applied those proceeds without the requested documentation and without further inquiry concerning the corporation. In light of these facts, the Bank should not be allowed to pierce the corporate veil. See Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So.2d 37 (Ala.1988).
In its final issue, the Bank argues that Holland is liable for “money had and received.” However, as previously noted, Holland had no control over the proceeds of the note or how or when those proceeds were applied to his existing, individual debts.
Since the above is dispositive of this appeal, other issues and/or theories presented by the Bank need not be addressed.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.