The plaintiffs appeal from the trial court's order denying a class certification. They argue that the trial court abused its discretion in denying the certification. Because the trial court incorrectly adjudicated an issue of law in its analysis done pursuant to Rule 23(b)(3), Ala.R.Civ.P., and because it provided no analysis whatever under Rule 23(a), we reverse the order and remand.
The Mitchells sued H R Block, Inc., and Ruth Wren on behalf of themselves and sought to be allowed to represent a class composed of all Alabama residents similarly situated. The Mitchells' claims arose out of a tax-refund-anticipation-loan ("RAL") program offered through H R Block's company-owned and franchised offices. The Mitchells allege that H R Block habitually received hidden profits from tax-refund-anticipation loans that were obtained on behalf of its clients from third-party lenders. The Mitchells originally stated four causes of action: 1) breach of fiduciary duty, 2) fraudulent suppression, 3) fraudulent misrepresentation, and 4) unjust enrichment. However, the Mitchells sought class certification only as to the breach-of-fiduciary duty and unjust-enrichment claims. The trial court denied class certification, based on its finding that the contract used in the RAL program did not establish a fiduciary relationship between H R Block and the Mitchells.
The trial court's order denying class certification discusses the law on class certification; we quote that order here, in pertinent part:
 "When seeking the certification of a would-be class, a plaintiff bears the burden of proving that every requirement of Rule 23 has been satisfied. See Ex Parte Mercury Finance Corp., 715 So.2d 196 (Ala. 1997); Ex parte Equity National Life Ins. Co., 715 So.2d 192
(Ala. 1997); Butler v. Audio/Video Affiliates, Inc., 611 So.2d 330, 331 (Ala. 1992). Moreover, in deciding whether this burden has been carried, a court must conduct a `rigorous analysis.' See Ex parte American Bankers Life Assurance Co., *Page 814 715 So.2d 186 (Ala. 1997); Ex parte Equity National Life Ins. Co., [supra]; see also General Telephone Co. v. Falcon, 457 U.S. 147, 161 (1982). Accord, Castano v. American Tobacco Co., 84 F.3d 740, [740] (5th Cir. 1996) (courts `must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class.')[1]
 "In the instant case, the plaintiffs must prove that they meet each of the four Rule 23(a) prerequisites:
 "(1) the class is so numerous that joinder of all members is impracticable;
 "(2) there are questions of law or fact common to the class;
 "(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
 "(4) the representative parties will fairly and adequately protect the interests of the class.
 "Ala.R.Civ.P. 23(a). See also Rowan v. First Bank of Boaz, 476 So.2d 44, 46 (Ala. 1985). `Rule 23(a) acts as a lens through which the Court looks to ensure that the interests and claims of the representative plaintiff [match] those of the putative class. The duty of the Court is to encompass and enforce the understanding that "a class representative must be part of the class and `possess the same interest and suffer the same injury' as the class members." Buford v. H R Block, Inc., 168 F.R.D. 340, 347 (S.D.Ga. 1996), aff'd, 117 F.3d 1433 (11th Cir. 1997).
 "If the plaintiffs clear the four Rule 23(a) hurdles, a higher hurdle awaits: they must prove that the putative class meets the additional criteria imposed by Rule 23(b)(3). The text of that familiar provision reads as follows:
 "`[The plaintiffs must prove] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'
Ala.R.Civ.P. 23(b)(3).
 "Rule 23(b)(3) covers situations where `class-action treatment is not as clearly called for as in those [situations] described' by Rule 23(b)(1) and 23(b)(2). Rule 23, Advisory Committee's Official Note, 39 F.R.D. 98, 102 (1966). As its text indicates, it imposes two distinct standards: (1) the common issues must `predominate' over `any questions' affecting individual class members; and (2) a class action approach must be `superior to other available methods' for handling the putative class members' claims. The predominance and superiority requirements `"reflect the fact that special caution must be exercised in [Rule 23(b)(3)] class actions . . . because of the loose affiliation among the class members, which is thought to magnify the risks inherent in any representative action."' Buford, 168 F.R.D. at 355 (quoting Wright Miller, 7A Federal Practice Procedure § 1777) (emphasis added) (internal quotation marks omitted). As with all class action requirements, the plaintiffs have the burden of proof on the issues of predominance and superiority. See Bradley v. Harrelson, 151 — F.R.D. 422, 425 (M.D.Ala. 1993); Jordan v. Swindall, 105 F.R.D. 45, 46
(M.D.Ala. 1985). See also *Page 815 General Telephone Co., 457 U.S. at 159 n. 15 (a finding of predominance under Rule 23(b)(3) requires `[s]ignificant proof')."
Although an order denying class certification is an interlocutory order, it is appealable because it "finally determines a claim of right separate from and collateral to the rights asserted in the cause of action" and makes further judicial proceedings in the action ineffective. Butler v. Audio/Video Affiliates, Inc., 611 So.2d 330, 331
(Ala. 1992). The question whether to certify a class is in the sound discretion of the trial court, and, so long as the trial court considers the correct criteria in making its determination, we review its ruling only to determine whether the trial court abused its discretion. Adamsv. Robertson, 676 So.2d 1265, 1270 (Ala. 1995), cert. dismissed asimprovidently granted, 520 U.S. 83 (1997); First Alabama Bank ofMontgomery, N.A. v. Martin, 425 So.2d 415, 423 (Ala. 1982), cert.denied, 461 U.S. 938 (1983).
 I. Rule 23(b)(3)
The Mitchells contend that the trial court abused its discretion in denying class certification as to the claims alleging breach of fiduciary duty and unjust enrichment. The Mitchells argue that by signing the loan document all class members authorized H R Block to act on their behalf for the purpose of obtaining a loan and that HR Block uniformly acted on that authorization and uniformly obtained undisclosed profits from the third-party lenders involved in the transactions. The Mitchells allege that in every case, H R Block required its client to sign a loan application authorizing, and requesting, H R Block to transfer certain information to the lender for the sole purpose of obtaining a loan on behalf of the client. The Mitchells claim that the loan documents, along with H R Block's consent to the restrictions contained within those documents, created an agency relationship. The Mitchells also argue that the documents used by H R Block contained uniform language.
In its order, the trial court held that the Mitchells' claims were not suitable for class certification, based on its finding that the language of the documents did not create an agency relationship between H R Block and its clients. Although the issue was not raised by the Mitchells, the trial court went on to discuss the issue whether a fiduciary relationship existed outside the loan document. The trial court determined that finding whether a fiduciary relationship had been established in this manner would involve a "highly individualized inquiry" and that "common questions of law or fact" could not "predominate" in such an inquiry, citing Rule 23(b)(3).
The trial court, in effect, adjudicated the issue whether the loan documents and H R Block's acceptance of the restrictions contained in those documents created a contractual agency relationship, and in its order it stated:
 "This Court refuses to read the language of the `consent and authorization' clause of the loan documents as broadly as the Plaintiffs wish. The clause authorizes Block to transfer tax information to a third-party bank for the purpose of enabling the bank to determine whether or not to make a refund anticipation loan. Plaintiffs would have this Court interpret this language to create an `agency' relationship between Block and the individual taxpayer. The Court is unwilling to do so. The plain language of the contract does not establish an agency relationship. The language merely authorizes Block to transfer certain confidential information to a third-party."
We conclude that the trial court erred by adjudicating, during the class-certification *Page 816 
hearing, the issue whether the loan documents and the restrictions contained in those documents created an agency relationship. In adjudicating that issue, the court failed to address the hurdles a plaintiff must overcome under Rule 23(a).
As the trial court noted in its order, Alabama's Rule 23 and the corresponding federal rule (Rule 23, Fed.R.Civ.P.) are "virtually identical," Marshall Durbin Co. v. Jasper Utilities Bd., 437 So.2d 1014,1025 (Ala. 1983), and "[f]ederal authorities are persuasive when [a court is] interpreting the Alabama Rules of Civil Procedure." Rowan v. FirstBank of Boaz, 476 So.2d 44, 46 (Ala. 1985). In Briggs v. CountrywideFunding Corp., 183 F.R.D. 576 (M.D.Ala. 1997), the United States District Court for the Middle District of Alabama stated:
 "The merits of the plaintiffs' claims is not an issue before the court when determining the propriety of class certification. See Eisen v. Carlisle Jacquelin, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732
(1974) (`In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.')."
The question of class certification is a procedural one distinct from the merits of the action. Taylor v. Flagstar Bank, FSB, 181 F.R.D. 509
(M.D.Ala. 1998) (citing Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980), cert. denied, 449 U.S. 1113 (1981). In finding that the loan documents and the restrictions contained in those documents did not create an agency relationship between H R Block and its clients, the trial court made a determination, as a matter of law, on the merits of the Mitchells' contractual-agency argument. A court should not make this kind of determination regarding the merits of a plaintiff's case in a class-certification hearing. See Ex Parte Government Employees Ins.Co., 729 So.2d 299 (Ala. 1999).
We note that this Court has stated:
 "Thus, while deciding the certification question may not require a court to look behind the pleadings in every case, a trial court may need to do so in order to examine the nature of the claims and defenses, the relevant facts, and the substantive law, in order to make a meaningful determination of the certification issues. See Ex parte Equity Nat'l Life Ins. Co., 715 So.2d 192 (Ala. 1997); Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)."
Ex parte AmSouth Bancorporation, 717 So.2d 357, 363 (Ala. 1998). In analyzing the question whether a fiduciary relationship existed between H R Block and its taxpayer clients, the trial court had reason to look beyond the pleadings, because each situation dealt with oral communications between H R Block and its clients. However, the contractual-agency issue requires the trial court to do nothing more than look to see if a uniform document existed and whether it was used uniformly by H R Block. In adjudicating the issue of the existence of a contractual-agency relationship between H R Block and its clients based on the loan document, the trial court erred.
The trial court also found that the unjust-enrichment claim was unsuitable for class treatment because it was derivative of the Mitchells' other claims.[2] In its order, the trial court stated: *Page 817 
 "Likewise, to the extent the `wrongful' activity giving rise to the unjust enrichment claim is an alleged fraudulent misrepresentation or suppression by Block, the Court finds that individual questions, not common questions, predominate. . . ."
This Court has stated that "[t]he essence of the theories of unjust enrichment . . . is that a plaintiff can prove facts showing that defendant holds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." Hancock-Hazlett Gen. Constr. Co., 499 So.2d 1385
(Ala. 1986) (citing Foshee v. General Tel. Co., 295 Ala. 70, 322 So.2d 715
(1975), and Wash v. Hunt, 281 Ala. 368, 202 So.2d 730 (1967). If the trial court had been correct in adjudicating the issue whether the loan document created an agency relationship, then it might have had ample reason to find the unjust-enrichment claim unsuitable for class treatment as being derivative of the fiduciary-duty claim. However, the trial court erred in adjudicating the issue whether the loan documents and restrictions therein created an agency relationship, and, therefore, it erred in finding the unjust-enrichment claim based on the fiduciary-duty claim unsuitable for class certification.
 II. Rule 23(a)
This Court has stated that every order addressing class certification must provide a rigorous analysis of the four elements contained in Rule 23(a). American Bankers Life Assurance Co. v. Mercury Fin. Corp.,715 So.2d 186, 188 (Ala. 1997); see Taylor v. Flagstar Bank, FSB,181 F.R.D. 509, 512 (M.D.Ala. 1998). We review a trial court's decision regarding class certification for abuse of discretion, and the trial court must make that "rigorous analysis" whether it makes a class certification or denies certification. In discussing this requirement, this Court, in American Bankers, cited Rowan v. First Bank of Boaz,476 So.2d 44 (Ala. 1985), and stated:
 "Rowan states that the trial court must apply the `relevant criteria' — it must begin with a full analysis of all four elements of Rule 23(a). Clearly, an appellate court cannot determine whether the trial court has applied the relevant criteria, without looking at the order of the trial court. If it attempts to do so, it will be left to speculate as to whether the trial court applied the four elements of Rule 23(a).
 "In Rowan, when this Court stated that a trial court must apply the `relevant criteria' in determining whether to certify a class, it cited Duncan v. Tennessee, 84 F.R.D. 21 (M.D.Tenn. 1979). The order in Duncan is an example of how a trial court must apply the relevant criteria in denying or approving class certification."
715 So.2d at 188.
Here, the trial court's order omitted any analysis of the four requirements contained in Rule 23(a), and it discussed only the predominance requirements contained in Rule 23(b)(3). Additionally, much of the court's discussion centered on the merits of the plaintiffs' agency claim and addressed claims that were not presented for class certification. Because the order does not provide an analysis of the Rule 23(a) requirements, this Court cannot determine whether the trial court complied with Rowan and applied the relevant criteria.
The order denying class certification is reversed and the case is remanded for the trial court to make determinations and enter an order addressing the requirements *Page 818 
of Rule 23(a) and (b)(3), in light of this opinion.
REVERSED AND REMANDED.
HOUSTON, COOK, SEE, and JOHNSTONE, JJ., concur.
MADDOX, J., concurs in the result.
HOOPER, C.J., and BROWN, J., dissent.
LYONS, J., recuses himself.
[1] In a footnote, the trial court notes that Rule 23, Ala. R. Civ. P., are "virtually identical," citing Marshall Durbin Co. v. JasperUtilities Bd., 437 So.2d 1014, 1025 (Ala. 1983), and that "[f]ederal authorities are persuasive when [a court is] interpreting the Alabama Rules of Civil Procedure." citing Rowan v. First Bankof Boaz, 476 So.2d 44, 46 (Ala. 1985).
[2] The trial court found that the unjust-enrichment claim was unsuitable for class treatment because the claim was derivative of the plaintiffs' breach-of-fiduciary-duty, fraudulent-suppression, or fraudulent-misrepresentation claims. However, the plaintiffs seek certification of the unjust-enrichment claim only as it relates to the breach-of-fiduciary-duty claim.